**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Mona Amini, Esq. (SBN: 296829)
mona@kazlg.com
Veronica Cruz, Esq. (SBN: 318648)
veronica@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

**LAW OFFICE OF DANIEL G. SHAY**
Daniel G. Shay, Esq. (SBN: 250548)
danielshay@tcpafdcpa.com
409 Camino Del Rio South, Suite 101B
San Diego, CA 92108
Telephone: (619) 222-7429
Facsimile:  (866) 431-3292

[Additional Attorneys on Signature Page]

*Attorneys for Plaintiff,*
Adrian Chavez

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ADRIAN CHAVEZ, Individually and On Behalf of All Others Similarly Situated,**<br><br>Plaintiff,<br><br>v.<br><br>**NAVY FEDERAL CREDIT UNION,**<br><br>Defendant. | Case No.:  **'18CV372  MMABGS**<br><br><u>**CLASS ACTION**</u><br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227, *ET SEQ.***<br><br>**JURY TRIAL DEMANDED** |

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

CLASS ACTION COMPLAINT

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

**INTRODUCTION**

1. Plaintiff ADRIAN CHAVEZ ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of defendant NAVY FEDERAL CREDIT UNION ("Defendant") in negligently, willfully and knowingly contacting Plaintiff on Plaintiff's cellular telephone without consent, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), thereby invading Plaintiff's privacy.

2. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

3. The TCPA was designed to prevent calls like the ones described within this Complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

4. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings

CLASS ACTION COMPLAINT                    1

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

on TCPA's purpose).

5. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id.* at §§ 12-13. *See also*, *Mims*, 132 S. Ct. at 744.

6. Plaintiff brings this case as a class action seeking damages for himself and all others similarly situated.

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this case arises out of the TCPA, 47 U.S.C. § 227, *et seq*, which is a federal consumer protection law.

8. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b)(2) because (i) the events giving rise to Plaintiff's claims occurred in this District; (ii) Plaintiff resides in this District; and (iii) Defendant transacts business within this District.

9. Upon information and belief, Defendant regularly and continuously conducts business within this District, and thus, personal jurisdiction is established.

## PARTIES

10. Plaintiff, at all times mentioned herein, is and was a resident of the County of San Diego, in the State of California.

11. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

12. Defendant is, and at all times mentioned herein was, a credit union chartered and regulated under the authority of the National Credit Union Administration (NCUA), with its principal place of business in Vienna, Virginia and is a "person" as defined by 47 U.S.C. § 153 (39).

13. At all times relevant herein, Defendant conducted business in this judicial District.

CLASS ACTION COMPLAINT                    2

**FACTUAL ALLEGATIONS**

14. Sometime prior to August 2017, Plaintiff opened a credit card and an unsecured loan with Defendant.  As it is irrelevant to this action, Plaintiff currently takes no position as to whether or not these alleged accounts became delinquent due to nonpayment.

15. On or about September 12, 2017, the Law Office of Daniel Shay ("Shay"), with Plaintiff's authorization and on Plaintiff's behalf, faxed and mailed a cease and desist letter to Defendant informing Defendant of the following:

> [Plaintiff] hereby revokes any prior express consent that may have been given to receive telephone calls, expressively to [Plaintiff's] cellular telephone, from an Automated Telephone Dialing System or an artificial or pre-recorded voice, as outlined in the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* and [Plaintiff] also revokes any applicable business relationship.
>
> [Plaintiff] has retained [Shay] to stop creditor harassment and to discharge your claim(s) through bankruptcy. Whether you are an original creditor, or a collector, you must cease and desist all communication with [Plaintiff] as required by Cal. Civ. Code § 1788.17 via 15 U.S.C. 1692…

16. On or about September 13, 2017, Defendant acknowledged receipt of Plaintiff's cease and desist letter and informed Shay that Defendant would "cease and desist all communications with [Plaintiff] for all accounts."

17. Despite Plaintiff's and Shay's written request to cease and desist any further communication with Plaintiff, and Defendant's subsequent acknowledgement on September 13, 2017 that Defendant had received the cease and desist letter and would cease further communications, Defendant called Plaintiff on or about September 13, 2017 on Plaintiff's cellular telephone ending in "2208" from phone number 713-272-2013.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

18. Upon information and belief, Defendant made this call and all other calls to Plaintiff using an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1), because Plaintiff heard a long pause when answering the phone before a voice came on the line and often times Defendant would not leave Plaintiff a voice message. This is indicative of an ATDS because many such ATDS programs have answering machine detection that recognizes when a call connects to a consumer's voicemail and instructs the system to disconnect.

19. Upon information and belief, Defendant's ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

20. At all material times hereto, Defendant did not have a "prior express consent" to place autodialed calls to Plaintiff's cellular telephone, pursuant to 47 U.S.C. § 227 (b)(1)(A).

21. Plaintiff never gave Defendant any consent to receive calls on his cellular phone, pursuant to 47 U.S.C. § 227 (b)(1)(A).

22. Further, had Plaintiff previously given any prior express consent, any such alleged consent was effectively revoked through Shay's and Plaintiff's cease and desist letter sent to Defendant by facsimile and mail on or about September 12, 2017.

23. Defendant's call constituted a call that was not made for emergency purposes, as defined by 47 U.S.C. § 227(b)(1)(A).

24. Defendant's call was placed to a telephone number assigned to a cell phone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

25. Through the unwanted call from Defendant, Plaintiff suffered an invasion of his legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

26. Plaintiff was personally affected by Defendant's aforementioned conduct because Plaintiff was frustrated and distressed that Defendant interrupted Plaintiff with an unwanted call using an ATDS.

27. Defendant's calls forced Plaintiff and other similarly situated class members to live without the utility of their cell phones by forcing Plaintiff and class members to silence their cellular phones and/or block incoming numbers and by occupying their cell phones with one or more unwanted calls, causing a nuisance and lost time.

28. Plaintiff is informed and believes and here upon alleges, that the unwanted calls were made by Defendant and/or Defendant's agent(s), with Defendant's permission, knowledge, and control, for Defendant's benefit.

29. Through the aforementioned conduct, Defendant or its agent(s) has violated 47 U.S.C. § 227(b)(1).

### CLASS ACTION ALLEGATIONS

30. Plaintiff brings this action on behalf of himself and all others similarly situated (the "Class").

31. Plaintiff represents, and is a member of the Class, consisting of:

> All persons within the United States who received any telephone call from Defendant Navy Federal Credit Union or its agent/s and/or employee/s, not sent for emergency purposes, to said person's cellular telephone made through the use of any automatic telephone dialing system and/or with an artificial or prerecorded voice within the four years prior to the filing of this Complaint.

32. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

33. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through their agents,

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

1   illegally contacted Plaintiff and the Class members via their cell phones by

2   using an ATDS, thereby causing Plaintiff and the Class members to incur

3   certain cell phone charges or reduce cell phone time for which Plaintiff and the

4   Class members previously paid, and invading the privacy of said Plaintiff and

5   the Class members.  Plaintiff and the Class members were damaged thereby.

6   34.   This suit seeks only damages and injunctive relief for recovery of economic

7   injury on behalf of the Class, and it expressly is not intended to request any

8   recovery for personal injury and claims related thereto.  Plaintiff reserves the

9   right to expand the Class definition to seek recovery on behalf of additional

10  persons as warranted as facts are learned in further investigation and discovery.

11  35.   **Numerosity**.  The joinder of the Class members is impractical and the

12  disposition of their claims in the Class action will provide substantial benefits

13  both to the parties and to the court.  The Class can be identified through

14  Defendant's records or Defendant's agents' records.

15  36.   **Existence and Predominance of Common Questions of Law and Fact**.

16  There is a well-defined community of interest in the questions of law and fact

17  involved affecting the parties to be represented.  The questions of law and fact

18  to the Class predominate over questions which may affect individual Class

19  members, including the following:

20      a)      Whether, within the four years prior to the filing of this Complaint,

21              Defendant or their agents initiated any telephonic communications to

22              the Class (other than a message made for emergency purposes or made

23              with the prior express consent of the called party) using any automatic

24              dialing system or prerecorded voice to any telephone number assigned

25              to a cellular phone service;

26      b)      Whether Defendant can meet its burden of showing Defendant obtained

27              prior express consent;

28      c)      Whether Defendant's conduct was knowing and/or willful;

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

d)     Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation;

e)     Whether Defendant and its agents should be enjoined from engaging in such conduct in the future; and

f)     Whether Plaintiff and the Class are entitled to any other relief.

37.  **Typicality**. As a person that received at least one telephonic communication from Defendant via an ATDS without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

38.  Plaintiff and the members of the Class have all suffered irreparable harm as a result of Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

39.  **Adequacy of Representation**. Plaintiff will fairly and adequately represent and protect the interests of other members of the Class in that Plaintiff has no interests antagonistic to any member of the Class. Further, Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

40.  **Superiority**. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is

1   likely to present significantly fewer difficulties than those presented in many

2   class claims.

3   41.  Defendant has acted on grounds generally applicable to the Class, thereby

4   making appropriate final injunctive relief and corresponding declaratory relief

5   with respect to the Class as a whole.

### FIRST CAUSE OF ACTION

### NEGLIGENT VIOLATIONS OF THE TCPA

### 47 U.S.C. § 227, ET SEQ.

9   42.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint

10   as though fully stated herein.

11   43.  The foregoing acts and omissions of Defendant constitute numerous and

12   multiple negligent violations of the TCPA, including but not limited to each

13   and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq*.

14   44.  As a result of Defendant's negligent violations of 47 U.S.C. § 227, *et seq*.,

15   Plaintiff and the Class are entitled to an award of $500.00 in statutory damages,

16   for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

17   45.  Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting

18   such conduct in the future.

### SECOND CAUSE OF ACTION

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA

### 47 U.S.C. § 227, ET SEQ.

22   46.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint

23   as though fully stated herein.

24   47.  The foregoing acts and omissions of Defendant constitute numerous and

25   multiple knowing and/or willful violations of the TCPA, including but not

26   limited to each and every one of the above-cited provisions of 47 U.S.C.

27   §§ 227, *et seq*.

28   ///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

48. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227, *et seq.*, Plaintiff and the Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §§ 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

49. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the Court to grant Plaintiff and the Class the following relief against Defendant:

- Certify the Class as requested herein;
- Appoint Plaintiff to serve as the Class Representative in this matter;
- Appoint Plaintiff's Counsel as Class Counsel in this matter; and
- Any such further relief as may be just and proper.

In addition, Plaintiff and the Class members pray for further judgment as follows against Defendant:

## FIRST CAUSE OF ACTION

## NEGLIGENT VIOLATION OF

## THE TCPA, 47 U.S.C. § 227, ET SEQ.

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future; and
- Any other relief the Court may deem just and proper.

///

///

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

**SECOND CAUSE OF ACTION**

**KNOWING/WILLFUL VIOLATION OF**

**THE TCPA, 47 U.S.C. § 227, ET SEQ.**

- As a result of Defendant's knowing and/or willful violation of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future; and

- Any other relief the Court may deem just and proper.

**TRIAL BY JURY**

50. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: February 16, 2018

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: _s/ Abbas Kazerounian_
ABBAS KAZEROUNIAN, ESQ.
AK@KAZLG.COM
ATTORNEYS FOR PLAINTIFF

Additional Plaintiff's Counsel:

**HYDE & SWIGART**
Joshua Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

CLASS ACTION COMPLAINT                    10